# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

vs

DEAN COUNCE

Case Number. 8:12-cr-274-T-30TGW
USM Number: 57401-018

John Murray Fitzgibbons, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1349 and 1343 | Conspiracy to Commit Wire Fraud | March 13, 2012 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

February 20, 2013

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

February 20, 2013

DEAN COUNCE
8:12-cr-274-T-30TGW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of NINETY-SEVEN (97) MONTHS as to Count One of the Indictment.

The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Miami.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

DEAN COUNCE
8:12-cr-274-T-30TGW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count One of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

DEAN COUNCE
8:12-cr-274-T-30TGW

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

2. The defendant shall refrain from engaging in any employment related to the foreclosure inspection industry.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | **Waived** | **$12,774,102.00** |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Bank of America<br>c/o Thomas Scrivener, Finance Executive<br>4500 Park Granada<br>Calabasas, CA 91302 | $12,774,102.00 |

DEAN COUNCE
8:12-cr-274-T-30TGW

# SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of $200.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Forfeiture Money Judgment and Preliminary Order of Forfeiture for Substitute Assets, that are subject to forfeiture. The Forfeiture Money Judgment and Preliminary Order of Forfeiture for Substitute Assets will be made a part of this judgment.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:12-cr-274-T-30TGW

DEAN COUNCE

**FORFEITURE MONEY JUDGMENT AND**
**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

THIS CAUSE comes before the Court upon the filing of the United States' Motion for a forfeiture money judgment (Doc. 16) in the amount of $12,774,102.00, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), which, at sentencing, shall become final as to the defendant. The United States further moved the Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), to enter a Preliminary Order of Forfeiture for the following substitute assets in partial satisfaction of the defendant's forfeiture money judgment:

a. The real property, including all improvements thereon and appurtenances thereto, located at 5403 Golddust Road, Brooksville, Florida, which is legally described as follows:

That portion of the premises described both in that certain Quitclaim Deed recorded in O.R. Book 2827, page 526-27 and in that certain Quitclaim Deed recorded in O.R. Book 2838, Page 1607, of the Public Records of Hernando County, to wit;

PARCEL 30-A-2:

Commence at the NW corner of the SW 1/4 of Section 3, Township 23 South, Range 18 East, Hernando County, Florida,

Go thence along the West line of said SW 1/4, S 00°06'29" W, a distance of 332.80 feet; thence run S 89°51'27" E, a distance of 1324.92 feet to the centerline of a 30-foot road (unimproved); continue thence S 89°51'27" E, a distance of 15.00 feet to the East right-of-way line of said 30-foot road; continue thence S 89°51'27" E, a distance of 622.15 feet to the West right-of-way line of Golddust Road, as it is now established; thence run along the said West right-of-way line, S 00°14'42" W, a distance of 116.31 feet to the POINT OF BEGINNING; continue thence S 00°14'42" W, a distance of 216.98 feet to the South line of Block 30, Florida Fruit Groves, Inc., thereof as recorded in Plat Book 3, Page 28 of the Public Records of Hernando County, Florida; thence along said South line, N 89°50'05" W, a distance of 255.86 feet; thence run N 00°14'42" E, a distance of 105.70 feet; thence run N 52°38'34" E, a distance of 182.71 feet; thence run S 89°50'06" E, a distance of 111.11 feet, to the POINT OF BEGINNING. Containing 1.09 Acres, m.o.l.

Parcel Identification Number: R03-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-0000-30A1;

b. The real property, including all improvements thereon and appurtenances thereto, located at 5411 Golddust Road, Brooksville, Florida, which is legally described as follows:

Tract No. 30-A, Hernando Highlands, Being f/k/a the South ½ of Block 30, Florida Fruit Groves, Inc., a Subdivision of the South ½ of Section 3, Township 23 South, Range 18 East, Hernando County, Florida; said subdivision being recorded in Plat Book 3, Page 28, of the Public Records of Hernando County, Florida.

Parcel Identification Number: R03-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-0000-030A; and

c. Miscellaneous jewelry, to include one silver watch, one gold watch, and one gold bracelet.

Being fully advised in the premises, the Court hereby finds that the United States has established that the defendant obtained at least $12,774,102.00 in

proceeds from the conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Information, for which the defendant pled guilty. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 16) is GRANTED.

It is FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), defendant Dean Counce, shall be held liable for a forfeiture money judgment in the amount of $12,774,102.00.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B), the substitute assets identified above, are hereby forfeited to the United States for disposition according to law.

The Court retains jurisdiction to entertain any third party claim that may be asserted in these proceedings, and to enter any further orders necessary for the forfeiture and disposition of any of the defendant's property that the United States is entitled to seek as a substitute asset to satisfy the money judgment.

**DONE** and **ORDERED** in Tampa, Florida on November 27, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

F:\Docs\2012\12-cr-274.forfeit money judgment 16.wpd

3